# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **VJH HOMES, LLC,** | ) | **CASE NO. 1:23 CV 00740** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| **CITY OF CLEVELAND, et al.,** | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **Defendants.** | ) | **AND ORDER** |

This matter is now before the Court on *Motion of Defendant City of Cleveland to Dismiss [Plaintiff's Amended Complaint]* (ECF #4), filed on April 24, 2023. Plaintiff VJH Homes, LLC ("VJH Homes") filed an opposition to the motion on May 24, 2023 (ECF #6). Defendant City of Cleveland ("City of Cleveland") filed a reply on June 5, 2023 (ECF #8). This motion is now ready for ruling.

This matter is also before the Court on *Defendant Cuyahoga County Land Reutilization Corp.'s Motion to Dismiss [Plaintiff's Amended Complaint]* (ECF #12), filed on June 21, 2023. Plaintiff VJH Homes filed an opposition to the motion on June 26, 2023 (ECF #13). Defendant Cuyahoga County Land Reutilization Corp. ("Cuyahoga County Land Bank") filed a reply on July 10, 2023 (ECF #14). This motion too is ready for ruling.

For the reasons stated below:

(1) Defendant City of Cleveland's *Motion of Defendant City of Cleveland to Dismiss* (ECF #4) is GRANTED as to Plaintiff's VJH Homes' federal claims, which are described more fully later in this *Memorandum of Opinion and Order*. The remainder of Plaintiff's claims against City of Cleveland, which are based on state law allegations of Conversion (ECF #1-2, PageID #28-29, ¶¶ 43-46), Negligence (ECF #1-2, PageID #30-31, ¶¶ 54-60), Tortious Interference with Business Opportunities (ECF #1-2, PageID #31-32, ¶¶ 61-66), and a request for declaratory judgment and injunctive relief based on these state law claims (ECF #1-2, PageID #32-34, ¶¶ 67-79), are REMANDED to the Cuyahoga County Court of Common Pleas;

(2) Defendant Cuyahoga County Land Bank's *Defendant Cuyahoga County Land Reutilization Corp.'s Motion to Dismiss* (ECF #12) is GRANTED as to Plaintiff's VJH Homes' federal claims, described later in this *Memorandum of Opinion and Order*. The remainder of Plaintiff's claims against Defendant Cuyahoga County Land Bank, which are based on state law allegations of Conversion (ECF #1-2, PageID #28-29, ¶¶ 43-46), Negligence (ECF #1-2, PageID #30-31, ¶¶ 54-60), Tortious Interference with Business Opportunities (ECF #1-2, PageID #31-32, ¶¶ 61-66), and a request for declaratory judgment and injunctive relief based on these state law claims (ECF #1-2, PageID #32-34, ¶¶ 67-79), are REMANDED to the Cuyahoga County Court of Common Pleas; and

(3) The federal claims of the *Amended Complaint* (ECF #1-2), insofar as any federal claims are in fact asserted against Defendant Great Lakes Deconstruction, Inc., are DISMISSED. Any remaining claims of the *Amended Complaint* based on state law allegations against Defendant Great Lakes Deconstruction, are REMANDED to the Cuyahoga County Court of Common Pleas.

## **FACTUAL AND PROCEDURAL BACKGROUND**

On March 14, 2023, Plaintiff VJH Homes filed a *Complaint* in the Cuyahoga County Court of Common Pleas against Defendant City of Cleveland alleging that the City of Cleveland's declaration of a residential property owned by VJH Homes (located at 3606 East 74th Street in Cleveland, Ohio) as a "public nuisance," and the City's subsequent condemnation order to demolish the property as an "[I]mminent Danger and Peril to Human Life and Public Health, Safety, and Welfare," constituted a violation of "Plaintiff's rights set forth in the Takings Clauses in the federal and/or Ohio constitutions that protect against appropriation of property and/or 'regulatory takings,'"[1] as well as violations of Ohio law pertinent to Conversion, Negligence, and Tortious Interference with Business Opportunities (ECF #1-1, *Complaint*).

Plaintiff's *Complaint* was accompanied by a *Motion for Temporary Restraining Order and for Preliminary Injunction* (ECF #1-4, PageID #40) asking the Common Pleas Court to prevent the condemnation and demolition.  Four days later, on March 18, 2023, Plaintiff filed an *Amended Complaint* (ECF #1-2) and a renewed *Motion for Temporary Restraining Order and for Preliminary Injunction* (ECF #1-4, PageID #53) naming as additional Defendants Cuyahoga County Land Bank and Great Lakes Deconstruction, Inc. ("Great Lakes Deconstruction").

On March 24, 2023, Plaintiff VJH Homes and Defendants City of Cleveland and Cuyahoga County Land Bank participated in a telephone conference with the Common Pleas Court, from which the following Order was issued, in pertinent part:

> IT IS AGREED THE CITY OF CLEVELAND AND CUYAHOGA COUNTY
> LAND BANK SHALL NOT PROCEED WITH ANY DEMOLITION OR
> OTHER ACTION THAT ALTERS THE STATUS QUO ON THE PROPERTY

---

[1]

U.S. CONST. amends V & XIV; OHIO CONST. art. I, § 19.

AT 3606 E. 74TH STREET, CLEVELAND, OHIO 44105. PERMANENT PARCEL NO. 133-03-049 UNTIL AFTER THE HEARING ON 04/11/2023 AT 2:00 PM AT THE EARLIEST.  THE COURT WILL HEAR THE MOTION FOR A TEMPORARY RESTRAINING ORDER AND FOR PRELIMINARY INJUNCTION ON 04/11/2023 AT 2:00 PM, COURT-ROOM 17-A, JUSTICE CENTER, 1200 ONTARIO STREET, CLEVELAND, OHIO.  NOTICE ISSUED.

(ECF #1-3, *Docket Report from Court of Common Pleas*, PageID #37, Entry of 03/24/23)

On April 12, 2023, Defendant City of Cleveland removed the case to this Court pursuant to 28 U.S.C. § 1441 (ECF #1, *Notice of Removal*).  No hearing was ever held in the Common Pleas Court on Plaintiff's *Motion for Temporary Restraining Order and for Preliminary Injunction* (ECF #1-4), as noted in Defendant City of Cleveland's *Notice of Removal* (ECF #1, PageID #2, ¶ 4).

The basic facts of the case are as follows.  On or about July 14, 2021, Plaintiff VJH Homes was the successful bidder on a parcel of land and accompanying residential structure located at 3606 East 74th Street in Cleveland, Ohio, identified as Permanent Parcel No. 133-03-049 in the Cuyahoga County land records, in connection with a foreclosure and Sheriff's sale in a matter titled *Treasurer of Cuyahoga County, Ohio v. Unknown Heirs, etc., of John R. Miller, et al.*, Cuyahoga County Court of Common Pleas, Case No. CV-19-918078 (ECF #1-2, *Amended Complaint*, PageID #23-24, ¶¶ 12-14).  Plaintiff's *Amended Complaint* describes the structure located on the property as "a 4-6 unit apartment structure with approximately 3,300 square feet of usable areas and full basement" (ECF #1-2, PageID #24, ¶ 16).  The bid and purchase price for the real property and structure was $11,828.84 at the time of Plaintiff's successful bid, and according to the *Amended Complaint*, the current value of the land and structure, as of Valuation Year 2022, was $14,900.00 (ECF #1-2, PageID # 24, ¶¶ 14-15).  VJH Homes acquired title to the property via a Sheriff's Deed, dated July 29, 2021, which was recorded on March 8, 2022 with

-4-

the Cuyahoga County Fiscal Officer as Instrument No. 202203080568 (ECF #1-2, PageID #24, ¶ 17 & ECF #16-1, PageID #344, *Sheriff's Deed*).

Nine months prior to the Sheriff's sale at which Plaintiff was the successful bidder, on October 5, 2020, the City of Cleveland Department of Building & Housing, Division of Code Enforcement had issued a "Notice of Violation of Building and Housing Ordinances" to the then Owner of Record, John R. Miller, listing numerous significant defective conditions to the structure located on the property, culminating in a finding that:

> PURSUANT TO SECTION 3103.09, 367.04, 369.19 AND 369.21 OF THE CODIFIED ORDINANCES OF THE CITY OF CLEVELAND, THE DIRECTOR OF BUILDING AND HOUSING DOES HEREBY DECLARE THE STRUCTURE KNOWN AS AND LOCATED AT: 3606 E 74 ST, CLEVELAND, OH 44105 TO BE A PUBLIC NUISANCE IN THAT IT CONSTITUTES AN [I]MMINENT DANGER AND PERIL TO HUMAN LIFE AND PUBLIC HEALTH, SAFETY AND WELFARE, AND THAT THE AFORESAID CONDITION CONSTITUTES AN EMERGENCY.  THEREFORE, YOU ARE HEREBY NOTIFIED THAT THE CITY OF CLEVELAND PURSUANT TO SAID SECTION[S] 3103.09, 367.04, 369.19 AND 369.21 OF THE CODIFIED ORDINANCES WILL SUMMARILY ABATE SAID PUBLIC NUISANCE CREATED AS A RESULT OF SAID EMERGENCY BY DEMOLITION OF THE STRUCTURE IF THE VIOLATIONS LISTED IN THE ATTACHED NOTICE ARE NOT ENTIRELY CORRECTED BY [THE COMPLY DATE] SET FORTH IN SAID NOTICE.

(ECF #4-1, PageID #264, *Notice of Violation*, attached as Ex. A to City of Cleveland's *Motion to Dismiss*) (insert supplied).[2]

No immediate action to demolish the structure located on the property was taken by the

---

[2]

A court may take judicial notice of certain public records, for which the existence or contents prove facts not subject to reasonable dispute. FED. R. EVID. 201(b)(2); *New Eng. Health Care Empl. Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003); *Passa v. City of Columbus*, 123 F. App'x 694, 697 (6th Cir. 2005).  There is no dispute as to the existence or the substance of the public records related to Plaintiff VJH Homes' acquisition of the property and structure or the City of Cleveland's findings of building code violations or notices related to the condemnation and *proposed* demolition of the subject structure.

City of Cleveland between the issuance of the Notice of Violation in October 2020 and later transfer of the structure and property to VJH Homes on March 8, 2022. Nor is there any dispute that the structure located on the property remains standing to this date.

After the transfer of the property and structure to VJH Homes, on March 16, 2022, the City of Cleveland Department of Building and Housing sent VJH Homes a letter, sent by both Certified and Regular U.S. Mail, titled "RE: Rehabilitation Plan required by New Owner of Condemned Property located at (3606 E 74th) Cleveland, OH," noting that the subject structure had been previously condemned and declared to be a public nuisance, and notifying VJH Homes, as the new owner of the property and structure, that it must immediately begin correcting the structural defects listed on the October 2020 condemnation notice, and that within ten (10) days it must submit a written plan to the Director of Building and Housing listing the actions to be taken to correct the numerous building code violations on the property. The letter also stated that failure to comply with the requirements to begin correcting the violations and to submit a rehabilitation plan would subject the property and structure to further enforcement actions to abate the nuisance, including demolition of the structure, and that the owner or owners would be required to "pay for all costs related to demolishing, repairing, altering, securing, boarding, or otherwise abating the public nuisance at the Property." (ECF #4-3, PageID #268, attached as Ex. C to City of Cleveland's *Motion to Dismiss*).

Over the course of the more than one-year following the issuance of the City of Cleveland's letter to VJH Homes, and despite Plaintiff VJH Homes' assertions that it has an "intention to repair, maintain, fix and free the Property of any violations," (ECF #1-2, *Amended Complaint*, PageID #25, ¶ 21), and that "[t]he structure on the Property is able to be reasonably

repaired, maintained, fixed, and freed of any violations alleged by the Defendant [City of Cleveland] or otherwise," (ECF #1-2, PageID #24, ¶ 20), Plaintiff VJH Homes has not identified *any* repairs or other actions taken to address the numerous structural defects existing at the structure, and has not disputed that the structure on the property has remained a public nuisance for the entire time that it has owned the property and structure.[3]

On February 9, 2023, the City of Cleveland issued a Building Permit for the Cuyahoga County Land Bank to raze the structure located at 3606 East 74th Street, in Cleveland, Ohio, and to perform the work to bring the property to a safe condition:

> PERMISSION IS HEREBY GRANTED TO: RAZE 3 STORY FRAME 2 DU REMOVE ALL DEBRIS FROM SITE.  FILL EXCAVATION TO GRADE. CONTROL DUST PER 277.07 SEED LOT.  REMOVE ALL FOUNDATIONS. DISCONTINUE AND CAP UTILITY CONNECTIONS.

(ECF #16-1, *Building Permit*, PageID #348, referenced as Ex. B to the *Amended Complaint*, filed with *Plaintiff's Supplemental Exhibits in Support of Amended Complaint*).

On March 14, 2023, Plaintiff VJH Homes filed its *Complaint* (ECF #1-1) and *Motion for Temporary Restraining Order and for Preliminary Injunction* (ECF #1-4, PageID #40) in the Cuyahoga County Court of Common Pleas, seeking money damages "in excess of Twenty-Five Thousand Dollars ($25,000), including treble damages and attorneys' fees, plus interest, costs, and expenses," as well as a declaratory judgment preventing the City of Cleveland from going forward with the demolition of the structure located on the property.  (ECF #1-1, PageID #35,

---

[3]

In fact, Plaintiff VJH Homes appears to take the remarkable position that it was the *City of Cleveland's* responsibility to abate the nuisance conditions of the structure: "To date, the Defendants have failed and/or refused to fix and resolve the aforementioned problems, issues, conditions, and damages."  (ECF #1-2, *Amended Complaint*, PageID #27, ¶ 36; ECF #6, *Plaintiff's Brief in Opposition to Motion to Dismiss of Defendant City of Cleveland*, PageID #282).

¶¶ 1-4). To date, no action has been taken to perform the demolition.

## LEGAL ANALYSIS

A complaint filed in, or removed to, federal court is subject to dismissal under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A "complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Red Zone 12, LLC v. City of Columbus*, 758 F. App'x 508, 512 (6th Cir. 2019), quoting *Commercial Money Ctr. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007) (also noting that the standard is the same for both motions to dismiss filed under Fed. R. Civ. P. 12(b)(6) and motions for judgment on the pleadings under Fed. R. Civ. P. 12(c)). A trial court construes the complaint in the light most favorable to the nonmoving party, accepts the well-pled factual allegations as true, and determines whether the complaint contains enough facts to make the legal claims facially plausible. *Red Zone 12*, 758 F. App'x at 512, citing *Commercial Money*, 508 F.3d at 336, in turn citing *United States v. Moriarty*, 8 F.3d 329, 332 (6th Cir. 1993). "Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Eidson v. Tennessee Dept. of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (explaining that complaint must contain something more than a statement of facts that merely creates speculation or suspicion of a legally cognizable cause of action).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), citing *Bell Atl. Corp v. Twombly*, 550 U.S. at 556. The [plausibility standard "asks for more than a sheer possibility that a defendant has acted

-8-

unlawfully," but is "not akin to a probability requirement." *Ashcroft*, 556 U.S. at 678.  In

conducting this analysis, a court "need not accept the plaintiff's legal conclusions or unwarranted

factual allegations as true." *Red Zone 12*, 758 F. App'x at 513, citing *Commercial Money*, 508

F.3d at 336.  Although a court primarily considers the allegations in the complaint, "matters of

public record, orders items appearing in the record of the case, and exhibits attached to the

complaint, also may be taken into account." *Red Zone 12*, 758 F. App'x at 513, citing *Amini v.*

*Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (quoting *Nieman v. NLO, Inc.*, 108 F.3d 1546,

1554 (6th Cir. 1971)).

### The City of Cleveland's Motion to Dismiss

The Court first addresses the motion to dismiss filed by Defendant City of Cleveland

(ECF #4).  The City of Cleveland seeks dismissal of both Plaintiff VJH Homes' claims

identifying federal law as a basis, specifically the "Takings Clause" of the Fifth Amendment of

the U.S. Constitution, as applicable to the States under the Fourteenth Amendment (ECF #1-2,

*Amended Complaint*, PageID #29, ¶¶ 48-49), and inferentially under the Civil Rights Act, 42

U.S.C. § 1983, *et seq.*, by its request for an award of "[r]easonable attorneys' fees, fines, and/or

treble damages as mandated and/or permitted by statute," (ECF 1-2, PageID # 35, ¶ 4), as well as

dismissal of the claims identifying State law as a basis, specifically, Conversion (ECF #1-2,

PageID #28-29, ¶¶ 43-46), Negligence (ECF #1-2, PageID #30-31, ¶¶ 54-60), Tortious

Interference with Business Opportunities (ECF #1-2, PageID #31-32, ¶¶ 61-66), and Plaintiff's

request for declaratory judgment and injunctive relief, purportedly based on both federal and state

law (ECF #1-2, PageID #32-34, ¶¶ 67-79).

The Court begins by addressing Plaintiff's federal law claims, as specifically pled under

-9-

the "Takings Clause" of the Fifth Amendment to the U.S. Constitution, and as inferentially pled under 42 U.S. Code § 1983 by reference to the damages provisions of that statute in the prayer for relief and claim for declaratory judgment and injunctive relief.

If the Court finds that dismissal of the federal claims over which it has original jurisdiction in a case removed from state court is appropriate – which claims were the basis for City of Cleveland's *Notice of Removal* to this Court from the Cuyahoga County Court of Common Pleas (ECF #1) in this case – it may exercise its discretion to decline exercise of its supplemental jurisdiction under 28 U.S.C. § 1367 over any remaining state law claims and remand those claims back to the state court. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . (3) the district court has dismissed all claims over which it has original jurisdiction").

### *Plaintiff's Federal Law Claims*

The gist of Defendant City of Cleveland's motion to dismiss, as it applies to Plaintiff VJH Homes' federal "Takings Clause" claim under the Fifth Amendment to the U.S. Constitution,[4] is based on clearly established law that "Under the police power society may restrict the use of property without making compensation thereof, if the restriction be reasonably necessary for the preservation of the public health, morals, or safety." *See Davet v. City of Cleveland*, 456 F.3d 549, 553 (6th Cir. 2006) (upholding the City of Cleveland's condemnation and partial demolition of building owned by defendant and affirming district court's grant of summary judgment on plaintiff's "takings" claim). As stated in *Davet*, "[d]emolition, compliant with local law and

---

[4]     The "Takings Clause" of the Fifth Amendment states, "[N]or shall private property be taken for public use , without just compensation." U.S. Const. amend V.

procedure, in order to enforce building codes or abate a public nuisance does not constitute a taking as contemplated by the federal and Ohio constitutions." *Davet*, 456 F.3d at 553 (quoting and affirming decision of lower court). The reason such condemnation and demolition in the interests of public health, morals, and safety is not a "taking" is because all property within the state is held subject to the implied condition that it will be used so as to not injure the equal rights of others to the use and benefit of their own property. *Davet*, 456 F.3d at 553 ("[T]he takings clause does not require compensation when an owner is barred from putting land to a use that is proscribed by [ ] existing rules or understandings"), quoting *Lucas v. S.C. Coastal Council*, 505 U.S. 1003, 1030 (1992); *see also Williams v. City of Stanford*, 533 F. Supp. 3d 512, 525 (E.D. Ky. 2021) ("[Plaintiff's] takings claim fails for a more fundamental reason: the defendants demolished the home to abate a nuisance. . . . [T]akings attendant to the police power are not compensable"). Thus, "compensation is not mandated when the state legitimately exercises police power to abate a property nuisance." *Embassy Realty Invs., Inc. v. City of Cleveland*, 572 F. App'x 339, 344 (6th Cir. 2014).

Accordingly, given that the structure located on the property has been a "public nuisance" subject to demolition since at least October 2020, when the City of Cleveland issued the "Notice of Violation of Building and Housing Ordinances" (ECF #4-1, PageID #264, *Notice of Violation*, attached as Ex. A to City of Cleveland's *Motion to Dismiss*), and that Plaintiff VJH Homes, since March 2022, has been explicitly aware of and notified of both the "public nuisance" condition of the structure and the need to immediately address the nuisance conditions subject to demolition if such conditions are not addressed (ECF #4-3, *New Owner Letter from City of Cleveland Department of Building and Housing*, PageID #268, attached as Ex. C to City of Cleveland's

-11-

*Motion to Dismiss*), and that there is no dispute that no meaningful remedial actions have been taken in the over one year since that notice, the actual demolition of the structure would not constitute a "taking" as a matter of law, *even if it had occurred,* which to date it has not.

Put simply, Plaintiff VJH Homes' "Takings Clause" claim does not have the requisite "facial plausibility" to survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), as against City of Cleveland (or any other Defendant in this case). Accordingly, the federal "Takings Clause" claim is dismissed.

In opposition to Defendant City of Cleveland's motion, Plaintiff VJH Homes appears to take the position that the well-established law that condemnation and demolition of "public nuisance" properties creating an immediate danger to the public health, morals, or safety should not apply to it because the declaration of public nuisance, and designation for demolition if the nuisance conditions are not corrected, were made before it acquired the property, and that it should have been given "proper notice or hearing" on the public nuisance conditions and the possibility of demolition.  (ECF #6, PageID #287-288).  Plaintiff attempts to cast this as a federal "Due Process" violation.  No such "subsequent purchaser" exception exists, and Plaintiff has not identified any support for this argument.  Moreover, public record documents show that VJH Homes *was given* explicit notice of the public nuisance condition and the condemnation notice with demolition order in March 2022 (one year prior to filing its initial complaint), *and was given* explicit direction as to how to communicate with the City in response to the notice and prior findings of public nuisance, condemnation, and possibility of demolition to abate the public nuisance conditions, in effect a "hearing."

*All* of these "due process" elements were explicitly provided and explained in the "New

-12-

Owner" notice sent to VJH Homes by certified and regular U.S. mail in March 2022.  As stated in

that notice, the full text of which merits quotation here:

> Dear VJH Homes LLC:
>
> The City of Cleveland Department of Building and Housing previously condemned the structure(s) at the above listed property address and determined it to be a public nuisance for the code violations at the property.  *You are receiving the enclosed condemnation violation notice and demolition order* because you have recently obtained title to the property or an interest in this property.
>
> Cleveland Codified Ord. §§ 3103.09(e)(4)(C) and 367.04(d) require you, as the buyer of this property, to begin correcting the items on the condemnation notice on the transfer date.  *These sections also require you to notify the Director of Building and Housing in writing within 10 days after transfer of the actions that you will take to correct and abate all of the violations at this property. Once the Director receives your written plan, the Director may establish a reasonable time for you to comply with the condemnation notice.*
>
> *You must submit your written plan and obtain all of the required permits to abate these cited violations from the City's Building Department, Room 505, City Hall, 5th Floor, 601 Lakeside Avenue, Cleveland, Ohio.*
>
> As the property owner, if you fail to comply with the above requirement, you will be subject to further enforcement action to abate the nuisance incurred by the Department of Building and Housing.  Cleveland Codified Ord. § 3103.09(k)(1) requires the owner or owners of the property to pay for all costs related to demolishing, repairing, altering, securing, boarding, or otherwise abating the public nuisance at the Property.  Under Cleveland Codified Ord. § 3103.09(k)(2), any and all owners of the property who appear in the chain of title from the time of receipt of the condemnation notice until demolition of the building or structure are jointly and severally responsible for all costs and expenses incurred by the Department of Building and Housing.
>
> *Revised Code § 5301.253 states that any violation notice of the Department of Building and Housing that appears on the Department's public records is notice to all subsequent purchasers, transferees, or other person who acquire any interest in the real property in which the violations exist and may be enforced against their interest in the real property without further notice or order to them.*
>
> Sincerely,

Ayonna Blue Donald
Director, City of Cleveland Department of Building & Housing

(ECF #4-3, *New Owner Letter from City of Cleveland Department of Building and Housing*,

PageID #268, attached as Ex. C to City of Cleveland's *Motion to Dismiss*)

Plaintiff VJH Homes' "Due Process" claim, to the extent that it has actually *made* such a

claim in its *Amended Complaint*,[5] does not have the requisite "facial plausibility" to survive a

motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), as

against City of Cleveland (or any other Defendant in this case).  Accordingly, any federal "Due

Process" claims are dismissed.

Finally, Plaintiff's attempt to assert a claim of either a "regulatory taking" under the

federal constitution, or some other deprivation of a federal civil right under 42 U.S.C. § 1983, *et*

*seq.*, or other federal statute, also do not state a claim on which relief can be granted.

At the outset, a municipality cannot be held liable on a claim under 42 U.S.C. § 1983 on a

*respondeat superior* theory merely because it employs an alleged tortfeasor.  *Red Zone 12, LLC v.*

*City of Columbus*, 758 F. App'x 508, 515 (6th Cir. 2019), citing *Monell v. Dept. of Soc. Servs.*,

436 U.S. 658, 691 (1978).  "Local governing bodies are 'liable under § 1983 only if the

challenged conduct occurs pursuant to a municipality's "official policy," such that the

municipality's promulgation or adoption of the policy can be said to have "caused one of its

---

[5]     Plaintiff's *Amended Complaint* does not actually include any cause of action identifying
"Due Process" as a basis.  This is further indicated by Plaintiff's own description of the claims of
the *Amended Complaint*, as stated in its brief in opposition to the City's motion: "The Plaintiff's
Amended Complaint sufficiently sets forth five viable causes of action against Defendant City:
(1) Conversion; (2) Unconstitutional and Illegal Taking; (3) Negligence; (4) Tortious Interference
with Business Opportunities; and (5) Declaratory Judgment/Injunction."  (ECF #6, PageID #
284).

employees to violate the plaintiff's constitutional rights.'" *Red Zone 12*, 758 F. App'x at 515, citing *D'Ambrosio v. Marino*, 747 F.3d 378, 386 (6th Cir. 2014), in turn quoting *Monell*, 436 U.S. at 692.

In making a Section 1983 claim, a plaintiff can look to:  "(1) the municipality's legislative enactments or official agency policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal rights violations." *Red Zone 12*, 758 F. App'x at 515, quoting *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005), in turn citing *Monell*, 436 U.S. at 694. The official policy must be the "moving force" behind the constitutional violation.  *Red Zone 12*, 758 F. App'x at 515, citing *City of Canton v. Harris*, 489 U.S. 378, 389 (1989), in turn quoting *Monell*, 436 U.S. at 694.  Where a plaintiff merely makes conclusory allegations about the customs surrounding a nuisance abatement in an unconstitutional manner, it has only asserted a "sheer possibility" of a Section 1983 violation in a fashion that does not meet the motion to dismiss standards of *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  *See Red Zone 12*, 758 F. App'x at 516.

Here, in neither the *Amended Complaint* nor in its opposition to the City of Cleveland's *Motion to Dismiss*, does Plaintiff identify any legislative enactment or official policy that was a "moving force" behind any alleged deprivation of constitutional rights.  There is no facial challenge to a City of Cleveland ordinance or any challenge of the City's right to abate a public nuisance under state (or federal) law.  Plaintiff does not identify an improper action of a final decision maker taken by the City.  Plaintiff simply claims that the City of Cleveland's actions were "unreasonable and/or arbitrary" (ECF #1-2, PageID #30, ¶ 51).

-15-

Plaintiff VJH Homes' 42 U.S.C. § 1983 claim does not have the requisite "facial plausibility" to survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), as against City of Cleveland (or any other Defendant in this case). Accordingly, its federal "Section 1983" claims are dismissed.

### Plaintiff's State Law Claims

This Court has dismissed all the federal claims pled in the *Amended Complaint* over which it has original jurisdiction. The Court finds that the interests of economy, convenience, fairness, and comity are best served by remanding the remaining state law claims back to the Cuyahoga County Court of Common Pleas under 28 U.S.C. § 1367(c)(3), especially where resolution of those state law claims is based essentially, if not entirely, on the three-tiered factual balancing analysis of statutory immunity under Ohio's Political Subdivision Tort Liability Act, Ohio Rev. Code § 2744.01, *et seq.*, as it may relate to each of the Defendants and the allegations made against them. *See Hortman v. Miamisburg*, 110 Ohio St. 3d 194 (2006) (describing the initial step of the analysis as including a determination of whether a party is a "political subdivision" and whether it was exercising a governmental or proprietary function, followed by an analysis of whether a statutory exception may apply, and finally determining, if necessary, whether an exception set forth in the statute may be overcome by a statutory defense set forth elsewhere in the statute). *See Rouster v. County of Saginaw*, 749 F.3d 437, 454 (6th Cir. 2014) ("We have held that 'a federal court that has dismissed a plaintiff's federal-law claims should not ordinarily reach plaintiff's state-law claims'"), quoting *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988) ("The discretion to remand enables district courts to deal with cases involving pendent claims in a

-16-

manner that best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine"); *McCoy v. MV Residential Prop. Mgmt., Inc.*, No. 2:14-CV-2642, 2016 U.S. Dist LEXIS 47733, at *27-29, 2016 WL 1392483, at *9-10 (S.D. Ohio Apr. 8, 2016) (taking into consideration "that Plaintiff originally sought to pursue her claims in state court" in deciding to remand state law claims to state court rather than dismissing claims without prejudice).

While the analysis of whether City of Cleveland and Cuyahoga County Land Bank are "political subdivisions" may not be difficult, as both are explicitly named as such in the "Definitions" section of Ohio's Political Subdivision Tort Liability Act, OHIO REV. CODE § 2744.01(F) (identifying "municipal corporations" and "county land reutilization corporations"), nor would there be any real dispute that government action to abate dangerous conditions created by "public nuisance" properties is a "governmental function," state law determinations of whether an exception to immunity may apply, and if so whether a defense to the exception exists, are evaluations likely best addressed on remand to the state court. There is also a potential state law question whether the Act would apply to state law claims asserted against Great Lakes Deconstruction, either independently or as a contractor acting on behalf of the City of Cleveland (or Cuyahoga County Land Bank). As Great Lakes Deconstruction has neither filed an answer to the *Amended Complaint* nor filed any motion before the state court or this Court regarding the claims asserted against it, the best course of action is for this Court to exercise its discretion not to rule upon the supplemental state law claims and remand them to the state court from which they were removed.

**Cuyahoga Land Bank's Motion to Dismiss**

The only role allegedly played by Cuyahoga County Land Bank in the facts of this case was to be named as "Owner" on the Building Permit granting permission for the subject structure to be demolished.  (ECF #1-2, *Amended Complaint*, PageID #24, ¶ 19).  There is no claim that Cuyahoga Land Bank had any role in declaring the property or structure a "public nuisance," any role in condemning the property, or any role in a "taking" of the property for public use.  Thus, for each of these reasons, as well as for the reasons stated above in connection with the City of Cleveland's *Motion to Dismiss* if Cuyahoga Land Bank *had* in fact been involved in any of these roles, Plaintiff VJH Homes' federal claims do not have the requisite "facial plausibility" to survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  Accordingly, any federal claims asserted against Cuyahoga Land Bank are dismissed.

Similar to this Court's ruling on the City of Cleveland's motion to dismiss in connection with any state law claims raised in the *Amended Complaint*, given that all the federal claims pled in the *Amended Complaint* against Cuyahoga County Land Bank over which this Court has original jurisdiction have been dismissed, the Court finds that the interests of economy, convenience, fairness, and comity are best served by remanding the remaining state law claims back to the Cuyahoga County Court of Common Pleas under 28 U.S.C. § 1367(c)(3).

**The Claims Against Defendant Great Lakes Deconstruction**

Plaintiff VJH Homes' *Amended Complaint* (ECF #1-2), also names Great Lakes Deconstruction as a Defendant, whose only role in the case was being named as the demolition contractor on a building permit obtained from the City of Cleveland by Defendant Cuyahoga County Land Bank to raze the structure located at 3606 East 74th Street, in Cleveland, Ohio

owned by VJH Homes.  (ECF #1-2, *Amended Complaint*, ¶ 19 & ECF #16-1, *Plaintiff's Supplemental Exhibits in Support of Amended Complaint*, PageID #348).  Although Defendant Great Lakes Deconstruction did not file a motion to dismiss (or enter an appearance in the case), because there is no factual or legal basis asserted in the amended complaint identifying *any* alleged wrongdoing by Great Lakes Deconstruction (in fact, the structure is still standing), and it is patently obvious that plaintiff cannot prevail on its "federal claims" against Great Lakes Deconstruction (in fact, no identifiable federal claim is even asserted against it), any federal law claims against Great Lakes Deconstruction are DISMISSED.  *See Fontaine v. JPMorgan Chase Bank, N.A.*, 42 F. Supp. 3d 102, 106-07 (D.D.C. 2014) (Courts may dismiss complaint *sua sponte* when there is simply no factual or legal basis for alleged wrongdoing by defendants, such that it is patently obvious that plaintiff cannot prevail on claims); *State ex rel. Allen v. Goulding*, 156 Ohio St. 3d 337, 338 (2019) ("A court 'may dismiss a complaint *sua sponte* and without notice when the complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint'").

### Plaintiff's Motion for Temporary Restraining Order and Permanent Injunction

At the time this case was removed from the Cuyahoga County Court of Common Pleas to this Court (ECF #1, *Notice of Removal*), there was still on the Common Pleas Court's docket a date set for hearing Plaintiff VJH Homes' *Motion for Temporary Restraining Order and for Preliminary Injunction* (ECF #1-4, PageID #53).  (*See* ECF #1-3, *Docket Report from Court of Common Pleas*, PageID #37, Entry of 03/24/23).  This Court has dismissed each of Plaintiff VJH Homes' federal law claims.  Thus, Plaintiff's claim for declaratory and injunctive relief, insofar as such claim may be based on federal law, is now moot.  To the extent this Count of the

*Amended Complaint* may be based on state law claims, such claims may be addressed on remand to the Cuyahoga County Court of Common Pleas.

<u>**CONCLUSION**</u>

For the foregoing reasons, *Motion of Defendant City of Cleveland to Dismiss* (ECF #4) is GRANTED as to the federal law claims of the *Amended Complaint* asserted against Defendant City of Cleveland (ECF #1-2), specifically any and all claims asserted under the "Takings Clause" of the Fifth Amendment to the U.S. Constitution and any and all claims alleging a deprivation of "due process" or federal civil rights under 42 U.S.C. § 1983, *et. seq.*, or any other statutory provision of federal law.[6] The state law claims asserted against Defendant City of Cleveland are hereby REMANDED to the Cuyahoga County Court of Common Pleas for disposition in that court.

*Defendant Cuyahoga County Land Reutilization Corp.'s Motion to Dismiss* (ECF #12) is also GRANTED as to the federal claims of the *Amended Complaint* asserted against Defendant Cuyahoga County Land Bank, specifically any and all claims asserted under the "Takings Clause" of the Fifth Amendment to the U.S. Constitution and any and all claims alleging a deprivation of "due process" or federal civil rights under 42 U.S.C. § 1983, *et. seq.*, or any other statutory provision of federal law[7] The state law claims asserted against Defendant Cuyahoga County

---

[6]

The *Amended Complaint* does not plead any specific cause of action under either 42 U.S.C. § 1983, *et seq.*, or other federal statute against Defendant City of Cleveland, but appears to possibly do so inferentially by seeking "attorneys' fees, fines, and/or treble damages as mandated and/or permitted by statute," in possible reference to a claim for the deprivation of federal civil rights under 42 U.S.C. § 1983, *et seq*, or other provision of federal statutory law.

[7]

The *Amended Complaint* does not plead any specific cause of action under either 42 U.S.C. § 1983, *et seq.*, or other federal statute against Defendant Cuyahoga County Land Bank,

Land Bank are hereby REMANDED to the Cuyahoga County Court of Common Pleas for disposition in that court.

Any federal claims of the *Amended Complaint* (ECF #1-2) asserted against Defendant Great Lakes Deconstruction, Inc., insofar as any federal claims are asserted against it, are DISMISSED.  Any remaining state law claims against Defendant Great Lakes Deconstruction are hereby REMANDED to the Cuyahoga County Court of Common Pleas for disposition in that court.

And, to the extent that Count Five of the *Amended Complaint*, seeking a declaratory judgment and injunctive relief against all Defendants, is based on federal law claims, the federal law claims of that Count are DISMISSED as moot.  Any remaining state law claims intended to be addressed in that Count are hereby REMANDED to the Cuyahoga County Court of Common Pleas for disposition in that court.

Accordingly, the Clerk of Court is directed to REMAND the remaining claims of this matter to the Cuyahoga County Court of Common Pleas.

---

but appears to possibly do so inferentially by seeking "attorneys' fees, fines, and/or treble damages as mandated and/or permitted by statute," in possible reference to a claim for the deprivation of federal civil rights under 42 U.S.C. § 1983, *et seq*, or other provision of federal statutory law.

IT IS SO ORDERED.

_____

DONALD C. NUGENT
United States District Judge

DATED: _August 28, 2023_